UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABHISHEK KOTHARI,

     Petitioner,

     v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

     Respondents,

Case No. 2:26-cv-1917-KCD-NPM

_____/

## **ORDER**

Petitioner Abhishek Kothari is a citizen of India who was admitted to the United States in 1998. After several criminal convictions, the Government started removal proceedings. In the meantime, Kothari was placed in immigration custody. He was also provided a bond hearing, but the immigration judge denied release after concluding he was a danger to the community.

Kothari now seeks a writ of habeas corpus under 28 U.S.C. § 2241. As best the Court can tell, he claims his continued detention violates the Fifth Amendment and Equal Protection clauses of the Constitution. (Doc. 1.) The Government opposes the petition. (Doc. 10.)

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The Fifth Amendment protects noncitizens in the United States. At the same time, however, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "[T]he through line of history is recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Dep't of State v. Munoz*, 602 U.S. 899, 911-12 (2024). "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976).

Because immigration detention is a civil tool rather than a criminal penalty, the constitutional line is generally drawn at punishment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981). By contrast, the Government can lawfully hold a noncitizen to ensure they are present for removal or to keep the public safe. That is simply the machinery of the immigration system doing its job. A substantive due process violation happens only when that machinery breaks down—when the detention loses its reasonable connection to effectuating a removal order and morphs into a penalty. *Cf. Lee v. Stone*, No. 2:11-CV-00014-RWS, 2011 WL 4553147, at *7 (N.D. Ga. Aug. 25, 2011). So long as custody serves a legitimate immigration purpose rather than acting as a punitive measure, it stays on the right side of the Constitution. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings.").

Kothari has not shown that his current stint in custody is a punishment masquerading as immigration processing or is otherwise arbitrary. The Government has initiated removal proceedings. The Immigration and Nationality Act "grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). "On a warrant issued by

the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The only procedural protection is a bond hearing, which Kothari has received.

Nor is Kothari's detention near the constitutional danger zone. ICE took him into custody on April 16, 2026. So he has been detained for less than three months. That is short of the indefinite, limbo-like detention that the Supreme Court has rejected under the Fifth Amendment. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Kothari also seems to raise a procedural due process claim. But it's not clear what process was withheld. Kothari offers no details or specifics beyond saying "ICE has failed to follow its own regulations." (Doc. 1 at 7.) Same for his equal protection claim. He offers no facts to connect the Government's conduct to an equal protection violation. The Court declines to hunt for (or construct) a colorable constitutional claim out of generalized grievances. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining a district court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").

4

### III. Conclusion

Kothari has failed to show that his detention is unlawful. Accordingly, the habeas petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 2, 2026.

Kyle C. Dudek
United States District Judge

5